**WO**                                                                                                          LMH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry L. Fisher, | No. CV 05-1636-PHX-NVW (HCE) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joe Arpaio, | |
| Defendant. | |

This civil rights action, filed by a former county jail inmate, was dismissed without prejudice for noncompliance with a Court order. Presently pending is Plaintiff's letter motion to reinstate the action (Dkt. #7). The Court will deny the motion.

**A.     Procedural Background.**

Not long after filing his action, Plaintiff submitted a change of address. See Dkt. #4. He stated "I used to be at [the Durango Jail]," and "Now I am at (new address) [in Florida]." Id. In light of his release from jail, the Court required him to show cause why he could not pay the filing fee within thirty days. See Dkt. #5. Plaintiff failed to respond, and his action was dismissed. See Dkt. #6.

Not long thereafter, the Court received the present motion from Plaintiff, in the form of a letter. Plaintiff asserts that he gave a Florida address because he anticipated that he would not receive his mail due to several moves within the county jail system. He requests that his action be reinstated. Plaintiff, however, fails to explain why he did not respond within the thirty-day time period provided in the show cause order.

### B. Legal Standards.

Because Plaintiff submitted his motion after entry of judgment, the Court must treat it either as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, or as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. See American Ironworks & Erectors, Inc. v. North Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001). A Rule 59 motion must be filed within ten days of entry of judgment. FED. R. CIV. P. 59(e). Plaintiff's motion was filed within the ten-day period and will therefore be considered under Rule 59(e).

"A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc, per curiam*) (emphasis in original) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)), cert. denied, 529 U.S. 1082 (2000). This type of motion seeks "a substantive change of mind by the court." Tripati v. Henman, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting Miller v. Transamerican Press, Inc., 709 F.2d 524, 526 (9th Cir. 1983)).

### C. Analysis.

Plaintiff's motion to reopen does not meet the standard for Rule 59(e). He failed to show cause within the thirty-day period. His present explanation is untimely, without any reason offered for its untimeliness. The record also now reflects conflicting assertions by Plaintiff: his address change stated "Now I am at (new address) [in Florida]," but his present motion asserts that he never was released from custody. Accordingly, there is no basis under Rule 59(e) to grant his request.

Because Plaintiff's action was dismissed without prejudice, there is nothing to prevent him from filing a new action. Previously, Plaintiff filed five actions regarding jail conditions. Two actions were dismissed as duplicative. See Fisher v. Arpaio, No CV 05-1696-PHX-NVW (HCE) (D. Ariz.), Fisher v. Peterson, No. CV 05-1765-PHX-NVW (HCE) (D. Ariz.). For the remaining three actions, Plaintiff was advised that he could bring all his claims in one

1  action and avoid paying the civil action filing fee in each of the three cases.  See Fisher v.
2  Arpaio, No. CV 05-1636-PHX-NVW (HCE) (D. Ariz.) (Dkt. #3), Fisher v. Peterson, No. CV
3  05-1642-PHX-NVW (HCE) (Dkt. #3),  Fisher v. Arpaio, No. CV 05-1674-PHX-NVW
4  (HCE) (Dkt. #3).  Plaintiff is again advised that should he file a new action, he should bring
5  all his claims in one action.  The Court will direct the Clerk of Court to send him a form for
6  filing a complaint.

7  **IT IS THEREFORE ORDERED that** Plaintiff's Motion to Reopen (Dkt. #7),
8  construed as a motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure,
9  is **denied**. The Clerk of Court is directed to send Plaintiff a form for a Civil Rights Complaint
10  by a Prisoner.

11  DATED this 28th day of October, 2005.

_____
Neil V. Wake
United States District Judge